

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

~~XXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable Clint Owsley
Director Gas Utilities Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-1546
Re: Are gas companies who purchase
gas under various factual situations
gas utilities within the purview of
Article 6060, Revised Civil Statutes,
1925.

We acknowledge receipt of a letter dated October 4, 1939, under the signature of Honorable Olin Culberson, then Director of Gas Utilities Division of the Railroad Commission of Texas, requesting an opinion concerning the status of the Nueces Corporation and the Richardson Petroleum Company, as gas utilities within the purview of Article 6060, R.C.S., 1925.

It is our opinion that the Nueces Corporation is a gas utility within the purview of said statute. Referring to its letter to you of September 26, 1939, copy of which you have furnished us, it is noted that it is engaged in the purchase of gas from an affiliated company, Richardson Petroleum Company, and, in turn, sells the same to "other operators for jetting and drilling purposes and to one Ice Plant." Following July 20, 1939, The Nueces Corporation became engaged in the sale of gas to a municipality, and rural customers between Clarkwood and Robstown, Texas. It is our opinion that the company should make its quarterly return on your "GU-3" form for the payment of the tax imposed by Article 6060 on all sales made both previous to July 20, 1939, and subsequently. For a definition of the term "gas utility" as used in said Article 6060, we turn to Article 6050 defining same. It is our opinion that the activities of this company bring it within the purview of Subsection 1(a), which covers the production, transportation, conveyance, distribution, or delivery of natural gas "for public use of service for compensation." And also of Subsection 1(b), covering the production, transportation, conveyance, distribution, or delivery of natural gas "for sale or delivery of natural gas to the public for domestic or other use." Unquestionably the term "other use" is all inclusive.

Regarding the company's activities subsequent to July 20, 1939, when in addition to the above activities the company undertook to sell gas to the city of Robstown, and to additional rural customers. Such activities undoubtedly come within the purview of Subsection 1(a), and Subsection 1(b), above referred to, and also Subsection 1(c), which covers

companies distributing or delivering natural gas "for sale or delivery of natural gas to any person or firm or corporation operating under franchise, or a contract with any municipality or other legal subdivision of this State."

Regarding the status of Richardson Petroleum Company, we refer to its letter to you of September 26, 1939, copy of which you have furnished us.

Previous to July 20, 1939, it appears that the sole sales of the Richardson Petroleum Company were to its affiliate, The Nueces Corporation, which previous to July 20, 1939, made sales only to rural customers. Such activity on the part of the Richardson Petroleum Company up to July 20, 1939, is not, in our opinion described as that of a gas utility whithin the purview of the statute. However, subsequent to July 20, 1939, the sole customer of the Richardson Petroleum Company being The Nueces Corporation, commenced deliveries of gas to the city of Robstown, and to certain other rural customers thereabouts. This activity, we believe, was such as to constitute the Richardson company a gas utility within the purview of Article 6050, Subsection 3, providing as follows:

> "Producing or purchasing natural gas and transporting or causing the same to be transported by pipe lines to or near the limits of any municipality, in which said gas is received and distributed, or sold to the public by another public utility or by said municipality, in all cases where such business is in fact the only or practically exclusive agency of supply of natural gas to such utility or municipality is hereby declared to be a virtual monopoly in the business calling affected the public interest, . . ."

This company should, therefore, make its quarterly report on your form "GU-3" pursuant to Article 6060 for its activities subsequent to July 20, 1939, only.

Very truly yours

ATTORNEY GENERAL OF TEXAS

HQB:FG:egw

By     /s/ Hugh Q. Buck
            Hugh Q. Buck
            Assistant

APPROVED DEC 6, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS